IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKEITH AMIR-SHARIF, | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-2127-N |
| | ) | ECF |
| LESLIE SWEET, et al., | ) | |
|        Defendants. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:   This is a civil rights action brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties:   At the time of filing this action, Plaintiff was incarcerated at the Dallas County Jail in Dallas, Texas.  He was recently released on pre-trial bond.  Defendants are Dallas County employees:  Legal Advisor Leslie Sweet, Sheriff Lupe Valdez, Chief Deputy Bennie Downs, Assistant Chief Deputy Mona Birdwell, Sgt. Rounds, and Officer Mason.  No process has been issued in this case pending preliminary screening.

Statement of the Case:   The complaint challenged the manner in which the Dallas County Jail withdrew money from his inmate trust account to pay the filing fees owed for the cases filed in this Court since January 2006.  Plaintiff asserted that the practice of withdrawing 20% of any deposit over $10.00 to his inmate trust account deprived him of the right of access and use of money deposited into his inmate trust account because his account did not exceed $10.00.  He

requested monetary, injunctive and declaratory relief.[1]

Findings and Conclusions:  The Court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Prisoner Litigation Reform Act (PLRA) provides that a prisoner filing a civil action or an appeal *in forma pauperis* shall be required to pay the full amount of a filing fee.  *See* 28 U.S.C. § 1915(b)(1).  The payment can take the form of an initial partial filing fee and/or monthly installment payments.  *See* 28 U.S.C. § 1915(b)(1) and (2).  Section 1915(b)(2) reads as follows:

---

[1] Plaintiff's release from confinement on pre-trial bond renders his claim for declaratory and injunctive relief moot.  *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (inmate's transfer to another prison rendered moot his claim for declaratory and injunctive relief) (citing *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991)).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

This Court's filing fee order follows the statutory language in § 1915(b)(2). It provides that "[a]fter payment of the initial partial filing fee, if any, the agency having custody of plaintiff shall deduct 20% of each deposit made to plaintiff's inmate trust account and forward payments to the Court on a regular basis provided the account exceeds $10.00." *See* Filing Fee Order filed November 21, 2006 (Docket #6 in this case).

Plaintiff argued that the Dallas County Jail lacked the authority to withdraw 20% of any deposit over $10.00 to his inmate trust account. His claim is patently frivolous. Section 1915(b)(2) specifically provides for the withdrawal of "20% of each deposit made to plaintiff's inmate trust account." The fact that his account may have been below $10 immediately before the deposit is immaterial because the deposit would have brought the balance in his account above $10. It appears that Plaintiff may have misread the statute to provide that funds may be withdrawn only if the previous month account balance exceeded $10. (Complaint at 4E-4G).

Insofar as Plaintiff sought to challenge the practice of withdrawing 20% of any deposit for each of his many district court and appellate court cases, his claim fares no better. The Fifth Circuit has recognized that the PLRA requires TDCJ to collect 20% of an indigent prisoner's income on a "per case" rather than a "per prisoner" basis. *Atchinson v. Collins*, 288 F.3d 177, 180-81 (5th Cir. 2002).

This is not Plaintiff's first action. During the last year, Plaintiff has filed seventeen complaints in the Dallas Division of the Northern District of Texas. Two of the complaints were

3

dismissed as frivolous, three other complaints have recommendations from the magistrate judge to dismiss the complaint as frivolous.  Plaintiff should be warned that any future frivolous lawsuits may result in the imposition of sanctions, including an order prohibiting him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED with prejudice as frivolous, *see* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) (i), and that his motions for reimbursement of filing fees, to stop violations of § 1915, to vacate filing fee order, and for ruling (Docket #8-12) be DENIED.

It is further recommended that Plaintiff be WARNED that any future frivolous lawsuits may result in the imposition of sanctions, including an order prohibiting him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge

A copy of this recommendation will be mailed to Plaintiff.

Signed this 19th day of March, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district

4

judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.